A90A1708, A90A1709, A90A2050. GRIER v. THE STATE (three cases).
(403 SE2d 857)

BIRDSONG, Presiding Judge.

Corey D. Grier appeals the trial court's denial of his motion for discharge and acquittal under OCGA § 17-7-170 and his conviction for possession of a firearm by a convicted felon because he alleges that the State failed to prove each element of the indictment. *Held*:

*Case Nos. A90A1708 and A90A1709*

1. Grier contends the trial court erred in denying his motion for discharge and acquittal. He alleges that after his indictment on September 1, 1989, he filed and served a speedy demand on September 14, 1989, but he was not tried as required by OCGA § 17-7-170.

The record shows that three documents were filed on September 14, 1989. The first was a letter, dated September 11, 1989, from Grier's counsel to an assistant district attorney. The reference line on the letter reads: "Corey D. Grier Indictment No. Z-11442, Z-11443." The entire body of the letter consists of the following: "Please find enclosed your copy of the Demand for Trial by Jury, Speedy Trial Demand *filed* in the above matter." (Emphasis supplied.) A postscript to the letter stated that the counsel was not appointed to the

case, but had been retained to file the demand.

The second document, a "Demand for Jury Trial, Speedy Trial Demand" ("the demand"), apparently was enclosed with the letter. The face of the demand contained a stamp showing that it was filed in the Clerk of Court's office on August 31, 1989, the day before the indictment was handed down. The third document was a certificate of service stating that the demand was served on September 14, 1989, by U. S. Mail. Although only the letter had a filing date stamp, the documents contained stamps showing they were filed on pages 410, 411, and 412 of Book 2393 in the clerk's office. Nothing in the record, however, shows that the district attorney was given notice that the demand forwarded by the letter was to be, or was refiled on September 14, 1989.

Nevertheless, Grier contends that as no specific form is required (see *State v. Adamczyk*, 162 Ga. App. 288, 290 (290 SE2d 149)) and as the demand and notice given were sufficient to invoke OCGA § 17-7-170, his motion should have been granted. See, e.g., *Green v. State*, 191 Ga. App. 873, 875 (383 SE2d 359).

We do not agree. The demand filed the day before the indictment was returned was a nullity. *Little v. State*, 188 Ga. App. 410 (373 SE2d 260); *State v. McKenzie*, 184 Ga. App. 191, 192 (361 SE2d 54). Therefore, service of this prematurely filed demand, even after the indictment, was still only notice of a void demand. Further, nothing in the letter indicates that the demand would be refiled, or more significantly, that the notice actually was refiled. To the contrary, the statement that enclosed demand had been "filed" could only convey that the letter forwarded the service copy of the demand previously filed on August 31, 1989. The reference to the indictment numbers in the letter also is not such notice since this reference does not show that the document would be refiled. A demand for trial pursuant to OCGA § 17-7-170 must be presented for what it is. *State v. Adamczyk*, supra. In this case, the document attached to the letter on September 11, 1989, was void and therefore could not be valid notice of a demand under OCGA § 17-7-170.

" 'The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with the statute.' [Cit.]" *Hanson v. State*, 196 Ga. App. 589, 590 (396 SE2d 510). Under the circumstances in this appeal, the procedures followed did not strictly comply with the requirements of the Code section. Accordingly, the trial court did not err by denying the motion.

*Case No. A90A2050*

2. Grier also contends the trial court erred by denying his motion

for a directed verdict of acquittal because the State failed to prove an element of the offense of possession of a firearm by a convicted felon. Although Grier concedes that in alleging the date of his prior conviction the State may have alleged matters in the indictment with greater particularity than required, he contends that having done so the State was required to prove all the allegations set forth.

The indictment in the record, which was returned on September 8, 1989, alleged that Grier "did knowingly and without lawful authority possess a certain firearm, to wit: a pistol accused having been convicted of a felony on Indictment No. Z02292, Superior Court of Fulton County, charge of Theft by Receiving Stolen Property, on November 14, 1989." The date of the prior conviction was 1988, not 1989. Grier contends that the State having alleged an impossibility would be required to prove the impossibility to convict him. We reject this argument. The essential element averred in the indictment was that Grier was found in possession after having been earlier convicted of the felony alleged in Indictment No. Z02292. The date of the conviction as shown on Indictment No. Z02292, which was admitted in evidence, was November 14, 1988. The obvious typographical error in the present indictment did not create a fatal variance. *Bowman v. State*, 144 Ga. App. 681, 682 (242 SE2d 480).

A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311). On appeal a reviewing court may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). Review of the evidence in this manner reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Grier was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, the trial court did not err by denying the appellant's motions.

Although Grier also contended that the trial court erred by refusing to charge the jury as he requested, this enumeration of error was not supported by argument, reference to the transcript, or citation of authority, and it is deemed abandoned. Court of Appeals Rule 15 (c) (2); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 5, 1991.

*Timothy T. Herring*, for appellant.

*Lewis R. Slaton, District Attorney, William L. Hawthorne III, Rebecca A. Keel, Joseph J. Drolet, Samuel W. Lengen, Assistant District Attorneys*, for appellee.