## A95A2790. GHAI v. THE STATE.

(465 SE2d 498)

BIRDSONG, Presiding Judge.

Appellant appeals from the order of the trial court denying his motion for discharge and acquittal based on his claim that the State failed to provide him a speedy trial pursuant to OCGA § 17-7-170.

On August 12, 1994, appellant received three uniform traffic citations for DUI, following too closely, and having no driver's license on his person. On October 27, 1994, appellant attempted to file a demand for speedy trial, but the clerk of court's office apparently declined to accept the filing on grounds it was premature. On December 6, 1994, the solicitor filed in state court, concurrently with the uniform traffic citations, an accusation against appellant for three counts of DUI, following too closely, and having no license in his immediate possession. On December 29, 1994, appellant's counsel served a demand for speedy trial by jury under OCGA § 17-7-170 or in the alternative, if a jury trial is not held within the statutory period, a request for discharge and acquittal of all charges pending against him in state court.

A primary question is whether the uniform traffic citations issued but not filed prior to the date the accusations were filed should serve as notice of formal prosecution, or whether the accusations concurrently filed with the uniform traffic citations on December 6, 1994, in the deputy clerk's office of state court should serve as the formal notice of prosecution from which the two term rule of OCGA § 17-7-170 would be calculated. *Held*:

OCGA § 17-7-170 (a) provides: "Any person against whom a true bill of indictment or an accusation is *filed* with the clerk for an offense not affecting his life may *enter* a demand for trial at the court term at which the indictment or accusation is *filed* or at the next succeeding regular court term thereafter; or, by special permission of the court, he may at any subsequent court term thereafter demand a trial. In either case, the demand for trial shall be *served* on the prosecutor and shall be binding only in the court in which the demand is *filed*, except where the case is transferred from one court to another without a request from the defendant." (Emphasis supplied.) The plain and unambiguous wording of this statute provides, except for certain instances of case transfer not here at issue, that a demand cannot be entered until after the indictment or accusation has been filed and that the demand must be both served upon the prosecutor and filed in the court to become effective. Compare *Smith v. State*, 218 Ga. App. 392 (461 SE2d 561). Where, as in this case, the statutory language is plain and does not lead to any absurd or impracticable consequences, the court simply construes it according to its terms and conducts no further inquiry. *Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396

SE2d 227). OCGA § 40-13-1 provides in pertinent part that uniform traffic citation and complaint forms "shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged." Construing these statutes in pari materia, we conclude that a uniform traffic citation is not entered, within the meaning of OCGA § 17-7-170 (a) until it has been duly filed with the clerk of the courts. We find that mere issuance of a uniform traffic citation, without subsequently filing it with the clerk of courts, is not sufficient to authorize the entry of a filed demand for speedy trial pursuant to OCGA § 17-7-170 (a).

Noting that "the citations contain[ed] no stamp or indication of filing," the trial judge factually concluded that the uniform traffic citations had not been filed in the trial court on or before the presentation of the speedy trial demand on October 27, 1994, and the accusations for the offenses charged in the uniform traffic citations were not filed with the trial court until December 6, 1994. In a bench trial, the trial court sits as trier of fact, and its findings will not be set aside unless clearly erroneous. *Lanier v. State*, 212 Ga. App. 51, 52 (441 SE2d 87). The trial court's findings of fact were not clearly erroneous. *Stephens v. Espy*, 213 Ga. App. 580 (445 SE2d 292) is distinguishable.

As the October 27, 1994, demand for speedy trial was presented before either the uniform traffic citations or the accusations were actually filed with the court, it was premature and therefore a nullity. See *Grier v. State*, 198 Ga. App. 840, 841 (403 SE2d 857). Neither could this premature demand be " 'resuscitated by a later returned accusation (or indictment) whether they are filed in the same term or not.' " *State v. Black*, 213 Ga. App. 331, 332 (444 SE2d 368).

We need not decide whether appellant's motion for discharge or acquittal should have been granted based upon the separate demand for speedy trial of December 29, 1994, which was filed and served after the filing of the accusation and uniform traffic citations on December 6, 1994. The issue of denial of a statutory right to speedy trial was not ripe for adjudication at the time the separate demand for speedy trial of December 29, 1994, was filed. Cf. *Brown v. Tomlinson*, 246 Ga. 513, 515 (272 SE2d 258). The trial court's order reveals, without contradiction, that appellant waived appearance at the formal arraignment calendar of January 13, 1995, and was provided a trial date of February 20, 1995; however, before the trial date was reached, he indicated his desire to appeal the ruling instead of proceeding to trial.

We are not unmindful of appellant's contention that, as a result of our disposition of this case, prosecutors henceforth can deny litigants the statutory right to a speedy trial by merely holding citations received, without filing them, for periods in excess of two terms of

court. This issue is not before this court for adjudication, although we emphasize, ex abundanti cautela, that we are not prone to condone the intentional circumvention of the clear legislative purpose of protective statutes.

" ' "The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with the statute." ' " (Citations omitted.) *Grier*, supra at 841; accord *Smith*, supra at 393. "Under the circumstances in this appeal, the procedures followed did not strictly comply with the requirements of the code section. Accordingly, the trial court did not err by denying the motion." *Grier*, supra.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED DECEMBER 1, 1995 —
RECONSIDERATION DENIED DECEMBER 14, 1995 —

*William C. Head*, for appellant.

*Paul L. Howard, Jr.*, Solicitor, *Cynthia Strong-McCarthy, Deborah W. Espy*, Assistant Solicitors, for appellee.