## A96A2086. THE STATE v. RISH.
(476 SE2d 50)

Blackburn, Judge.

The state appeals the dismissal of DUI and weaving charges against Randy Rish. At the heart of this appeal is the legality of various orders entered by the trial court governing how criminal prosecutions would commence and proceed in the State Court of Coffee

County.

Pursuant to the trial court's order, the clerk of the court was required to accept for filing, without the knowledge or consent of the solicitor, all Uniform Traffic Citations (UTCs) issued by law enforcement personnel. Only after the UTCs were filed by the clerk, was the solicitor provided with a copy. The trial court also ordered that a UTC "shall constitute an accusation for offenses arising out of the operation of a motor vehicle; and, in the arresting officer's discretion may operate as a summons to appear for offenses not arising out of the operation of a motor vehicle."[1] Based on the UTCs filed with the clerk, the trial court would independently schedule arraignments and first appearances. The solicitor was expressly forbidden, upon penalty of contempt, from communicating to the accused that it disagreed with the decision to file the charges contained within a UTC, that it presently lacked evidence to proceed upon such a charge, or that the accused was excused from appearing at any arraignment or other hearing scheduled by the court. While initially the trial court provided that under its system, the state would not be required to proceed to trial if it was waiting for necessary lab reports, this provision was later revoked. The trial court's stated purpose for instituting this system was "to facilitate the speedy disposition of criminal matters" within the court.[2]

On December 22, 1994, a City of Douglas police officer issued Randy Rish three UTCs, one each for DUI, weaving, and possession of less than one ounce of marijuana. Upon Rish's request for a jury trial, the recorder's court transferred these matters to the Coffee County State Court. Upon transfer, all three of the UTCs were docketed in the trial court pursuant to the system outlined above. Accordingly, the solicitor was not afforded the opportunity to review Rish's three UTCs until they had already been filed with the trial court.

Shortly thereafter, the trial court calendared Rish's arraignment. In response, the state filed a written notice informing Rish that the state had yet to receive reports requested from the Georgia Crime Laboratory and that it could not "ethically initiate prosecution" without the lab reports. The state's notice also indicated its position that Rish's prosecution had not been initiated under a proper "charging instrument," and that the state did not ratify the prosecution but was forced to participate due to the trial court's

---

[1] Pursuant to the trial court's order, "[u]pon appearance or whenever the Court considers it appropriate, the Court shall inform a Defendant cited by a law enforcement officer with an offense not arising out of the operation of a motor vehicle, of the right to be charged with such offense by accusation . . . but that such right may be freely and voluntarily waived by the Defendant."

[2] Some of these procedures instituted by the trial court were similar to those authorized in a traffic violations bureau, OCGA § 40-13-50 et seq.

order.

On the day this matter was scheduled for trial, the state filed a dismissal of all the pending charges. The dismissal expressly indicated that the state had yet to ratify the filing of these charges by the court, and that it could not proceed with prosecution due to its inability to secure certain scientific reports in time to serve them upon the defendant in accordance with his pre-trial requests. The dismissal further stated that the state would reinstate the charges "upon receipt of the proper reports."

On December 8, 1995, after receiving the lab reports it had been awaiting, the state filed accusations against Rish for one count of possession of marijuana and three counts of DUI. The state also ratified as an accusation the UTC on the weaving charge. Rish then filed a motion seeking to dismiss the traffic charges, arguing that these charges were previously dismissed and that their "reinstatement" was null and void. Without explanation from the trial court, said motion was granted. It is this action that the state appeals.

1. The state contends that the trial court erred in compelling the criminal charges against Rish to be filed with the clerk without the consent of the solicitor and in dismissing those charges subsequently filed by the solicitor. Generally, a prosecution in state court commences with the filing by the solicitor of an accusation or UTC with the clerk of the court. OCGA § 16-1-3 (14). There are many benefits to the solicitor, as the state prosecutor, determining whether a prosecution should proceed and when within the law it should do so. There are ethical considerations, which require the solicitor to insure that the evidence, such as lab reports, supports the charges prior to proceeding with a prosecution. Also, where, as here, there are multiple offenses charged, the early prosecution of one charge (DUI) prior to the receipt of the lab report in the related drug offense could ultimately bar the drug prosecution, as multiple prosecutions of charges arising from the same incident are not generally allowed. The analysis and determination of such matters must be made by the solicitor as the trial judge cannot properly do so.

" '[F]rom the beginning of our criminal justice system prosecutors have exercised the power of prosecutorial discretion in deciding which defendants to prosecute.' " *Bishop v. State*, 265 Ga. 821, 822 (462 SE2d 716) (1995); see *Hicks v. Brantley*, 102 Ga. 264, 271-272 (29 SE 459) (1897) (prosecuting attorney is to determine whether or not to commence a prosecution). In the state court, the role of prosecutor is filled by the solicitor. See OCGA § 15-7-24 (now repealed);[3]

---

[3] Effective July 1, 1996, the legislature comprehensively revised the law regarding the office of state court solicitor, renaming the office that of solicitor-general. OCGA § 15-18-60 et seq. A provision of that legislation concerning the inability to commence a case in state

see also *Zater v. State*, 197 Ga. App. 648, 649 (399 SE2d 222) (1990) (solicitor's role in state court is same as that of district attorney who is the prosecuting attorney in superior court).

The Georgia appellate courts have historically safeguarded the prosecutor's independence in the performance of the duties of that office and the separation of the judicial and prosecutorial functions. See *State v. Guhl*, 140 Ga. App. 23, 25 (230 SE2d 22) (1976), rev'd on other grounds, *Mitchell v. State*, 239 Ga. 3 (235 SE2d 509) (1977) (supervising judge who actively participated in a grand jury investigation was disqualified because he had become too closely "affiliated with the district attorney's investigatory and prosecutorial functions"). See also *State v. Hanson*, 249 Ga. 739, 744 (295 SE2d 297) (1982).

While not binding in this case, we note that the Georgia General Assembly recently enacted OCGA § 15-18-66, which provides in part: "No accusation, citation, or summons shall be considered filed unless such filing has been done with the consent, direction, or approval of the solicitor-general. . . . Prior to the filing of an accusation, citation, or summons, the solicitor-general shall have the same authority and discretion as district attorneys over criminal cases within their jurisdiction." OCGA § 15-18-66 (b) (10).

A prosecution commences upon the lawful filing of the accusation. OCGA § 16-1-3 (14). Here, the initial "filing" of the UTCs was not done by the solicitor, or with her permission and under the facts of this case, the "dismissal" of those charges does not preclude her refiling the charges on a new, formally drawn accusation or on a UTC. See *Ellerbee v. State*, 215 Ga. App. 102, 104 (449 SE2d 874) (1994).

Therefore, the trial court erred in granting the motion to dismiss based upon defendant's contention that there was no valid prosecution on the subject charges pending before the court at the time of defendant's motion to dismiss.

2. Because of our ruling, the state's remaining enumerations of error need not be addressed.

*Judgment reversed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 11, 1996.

*Rebecca L. Sims, Solicitor*, for appellant.

court without the consent of the solicitor-general, OCGA § 15-18-66 (b) (10), is discussed in more detail, infra.