S96G0651. THE STATE v. GERBERT.
S96G0653. GERBERT v. THE STATE.
(475 SE2d 621)

FLETCHER, Presiding Justice.

The state filed a uniform traffic citation with the state court charging Johnny Trent Gerbert with driving under the influence, and he entered a demand for a speedy trial under OCGA § 17-7-170. After obtaining the results of blood tests, the state filed a formal accusation charging Gerbert with DUI and three additional counts. The trial court granted Gerbert's motion to discharge for the state's failure to try him within two court terms after his speedy trial demand, but the Court of Appeals reversed.[1] We granted the writ of certiorari to determine whether the right to demand a speedy trial attaches when a uniform traffic citation is filed with the court or only when a formal accusation is filed. Adopting a bright-line rule that is consistent with the statutory language, we hold that the right to a speedy trial under OCGA § 17-7-170 attaches when the state files the uniform traffic citation with the court. Therefore, we reverse the Court of Appeals' decision.

Gerbert was arrested and charged with driving under the influence on June 7, 1994. The state filed the citation with the clerk on June 17. On June 24, during the April term of court, Gerbert entered his speedy trial demand and served it on the county solicitor.[2] On September 27, the state filed a formal accusation. Although juries were impaneled and qualified to try the defendant in both the July

---

[1] *State v. Gerbert*, 219 Ga. App. 720 (467 SE2d 177) (1995).
[2] The Rockdale County State Court has four three-month terms of court, commencing on the first Monday in January, April, July, and October.

and October terms of court, the state did not try Gerbert during those terms. Gerbert moved for discharge and acquittal under OCGA § 17-7-170, which the trial court granted. The Court of Appeals reversed, holding that the formal accusation superseded the uniform traffic citation as the charging instrument and thus Gerbert's speedy trial demand was premature.

OCGA § 17-7-170 provides that an accused may enter a demand for a speedy trial at the court term in which the accusation is filed or the next regular court term. The demand must be served on the prosecutor.[3] If the accused is not tried when the demand is made or at the next term of court and juries were impaneled and qualified to try the case at both court terms, the defendant "shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."[4]

Another statute establishes that a uniform traffic citation may function as the accusation. The uniform traffic citation form "shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged."[5] The citation and complaint summons the person accused of the traffic offense to appear in court on a specific date to answer the charges.[6] Except for offenses tried in superior court, the accused may plead guilty or be tried for the traffic offenses charged in the citation without the state filing a formal accusation or indictment.[7]

Applying the plain language of the relevant statutes, we hold that the statutory right to demand a speedy trial of a traffic offense in state court attaches when the uniform traffic citation is filed with the court.[8] If a court can adjudicate the charges in the citation without the filing of a formal accusation, then a defendant should be able to enter a speedy trial demand based solely on the citation. This holding presents a bright-line rule that fulfills the purpose of the speedy trial guarantee — "the right to have charges brought against one disposed of not only while witnesses are available and their memories are fresh but also so that the deleterious effects of a pending charge

---

[3] OCGA § 17-7-170 (a).

[4] OCGA § 17-7-170 (b).

[5] OCGA § 40-13-1.

[6] See OCGA § 40-13-24; see also OCGA § 17-7-71 (b) (defendant may be tried based on the uniform traffic citation and complaint form in all misdemeanor cases relating to the operation and licensing of motor vehicles and operators).

[7] OCGA § 40-13-3; see Weaver v. State, 179 Ga. App. 641 (347 SE2d 295) (1986) ("the citation alone sufficed to prosecute the traffic violation").

[8] Cf. Ghai v. State, 219 Ga. App. 479 (465 SE2d 498) (1995) (issuance of uniform traffic citation does not trigger defendant's statutory right to enter a demand for a speedy trial); State v. Lipsky, 191 Ga. App. 842 (383 SE2d 204) (1989) (traffic citation must be filed with the clerk before an accused may file a statutory speedy trial demand).

on a defendant are lessened."[9] It is also consistent with the cases holding that the prosecution of a traffic offense, for statute of limitation purposes, begins when the state issues the uniform traffic citation.[10]

Gerbert entered a speedy trial demand during the same term of court in which the state filed the citation. The state failed to try him during the next two court terms, although juries were impaneled and qualified to try him. As a result, the trial court discharged and acquitted Gerbert of the offenses charged in the citation. Because the trial court followed the remedy provided by OCGA § 17-7-170, we reverse the Court of Appeals' decision.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1996 —
RECONSIDERATION DENIED OCTOBER 11, 1996.

*Cheryl F. Custer, District Attorney, Michael M. Hawkins, Solicitor,* for the State.
*Albert A. Myers III, Jerry L. Webb, Jr.,* for Gerbert.

---

[9] *Gerbert*, 219 Ga. App. at 726 (Beasley, C. J., concurring in part and dissenting in part).

[10] See, e.g., *State v. Rustin*, 208 Ga. App. 431 (430 SE2d 765) (1993).