A97A2125. MESERVEY v. THE STATE.
(496 SE2d 518)

BEASLEY, Judge.

Rene Meservey was accused of driving under the influence of alcohol (OCGA § 40-6-391) and failing to maintain his lane (OCGA § 40-6-48). He moved for discharge and acquittal for failure to give him a speedy trial under OCGA § 17-7-170, which the court denied upon concluding his demand for a speedy trial was premature. Meservey seeks reversal.

On August 2, 1996, Meservey was issued Uniform Traffic Citations (UTCs), which were received and stamped by the clerk of the court on August 9 and then forwarded to the solicitor. Meservey filed a demand for a speedy trial on October 9. The solicitor did not file a formal accusation against Meservey until February 4, 1997. The case was not tried within two terms of the speedy trial demand.

OCGA § 17-7-170 provides: "(a) Any person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting his life may enter a demand for trial. . . . (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." OCGA § 40-13-1 provides that a UTC "shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged." A person against whom a UTC has been filed may make a demand for a speedy trial.[1] But the mere issuance of a UTC, without its subsequent filing, does not trigger a defendant's right to demand

---

[1] *State v. Gerbert*, 267 Ga. 169, 170 (475 SE2d 621) (1996).

a speedy trial.[2]

The issue is whether Meservey's UTCs were "filed with the clerk" pursuant to OCGA § 17-7-170 (a). If so, his right to demand a speedy trial arose then. If no UTCs were filed with the clerk, then he had no right until the State filed its formal accusation in February, which would render Meservey's demand of the previous October premature and a nullity.[3]

OCGA § 15-18-66 (b) (10) provides: "No accusation, citation, or summons shall be considered filed unless such filing has been done with the consent, direction, or approval of the solicitor-general." It is the State's attorney, not the clerk, who is authorized to institute criminal proceedings and choose the means to employ as well as the charges to pursue.[4] The arrival of traffic citations in the clerk's office from the arresting authority does not make them pending in court just because the clerk stamps them for administrative purposes. But "[a] prosecution is 'commenced' when an accusation . . . is filed, and continues until final disposition of the case on appeal. OCGA § 16-1-3 (14); [cit.]."[5]

Oral testimony showed the clerk's office received the UTCs on August 9, 1996. Normally, the clerk's office in Rockdale County transmits UTCs to the solicitor's office within a couple of days. The solicitor then formally consents to the filing of the UTCs by signing and filing a specified form. Because the solicitor did not sign or file this form, and because the solicitor denied consenting to the filing of the UTCs, the trial court found the solicitor did not consent and that no filing of the UTCs occurred.

Meservey argues that the solicitor's failure expressly to tell the clerk's office not to file the UTCs until consent was given implies the solicitor consented to their filing upon receipt by the clerk. Whether the solicitor has provided the requisite "consent, direction, or approval" to the clerk's office to file UTCs as accusations is a question of fact. When a trial court sits as the trier of fact, its findings will not be set aside unless clearly erroneous, i.e., unless there is no evidence to support the trial court's findings.[6] There being supportive evidence here, Meservey had no right to demand a speedy trial until the formal accusation was filed on February 4, 1997. A premature demand is not resuscitated when the formal accusation is filed.[7]

*State v. Gerbert*, 267 Ga. 169 (475 SE2d 621) (1996), and *Tyler v.*

---

[2] *Ghai v. State*, 219 Ga. App. 479, 480 (465 SE2d 498) (1995).
[3] *Grier v. State*, 198 Ga. App. 840, 841 (403 SE2d 857) (1991).
[4] *State v. Rish*, 222 Ga. App. 729, 731 (1) (476 SE2d 50) (1996).
[5] *State v. Rustin*, 208 Ga. App. 431, 433 (430 SE2d 765) (1993).
[6] *Ghai*, supra, 219 Ga. App. at 480.
[7] *Grier*, supra; *State v. McKenzie*, 184 Ga. App. 191, 192 (361 SE2d 54) (1987).

*State,*[8] both of which held the defendant was entitled to acquittal, are distinguishable. OCGA § 15-18-66 (b) (10), requiring consent of the solicitor before filing, was not in effect until after the *Gerbert* and *Tyler v. State,* 224 Ga. App. 550 (481 SE2d 228) (1997), facts arose.[9]

"The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance [by the defendant] with the statute."[10] Here as in *Shire v. State,* 225 Ga. App. 306 (483 SE2d 694) (1997), the procedures followed by the defendant in filing a premature demand "did not strictly comply with the requirements of the Code section."[11]

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 29, 1998.

*Patterson & Patterson, Jackie G. Patterson,* for appellant.

*Cheryl F. Custer, District Attorney, Robert G. Mikell, Assistant District Attorney,* for appellee.

---

[8] 224 Ga. App. 550 (481 SE2d 228) (1997).

[9] Ga. L. 1996, pp. 748, 767, § 30 (a).

[10] (Citation and punctuation omitted.) *Shire v. State,* 225 Ga. App. 306, 310 (2) (483 SE2d 694) (1997).

