A98A0466. MILLAN v. THE STATE.
(497 SE2d 664)

ANDREWS, Chief Judge.

Dana M. Millan was issued four Uniform Traffic Citations (UTCs) for driving under the influence, speeding, improper lane usage, and following too closely. She moved for discharge and acquittal on the charges claiming the state failed to comply with her speedy trial demand under OCGA § 17-7-170. The trial court denied the motion on the basis that the demand was prematurely filed. Millan appeals from the denial order.

Because the record shows that the speedy trial demand was filed before the state filed the UTCs or an accusation with the State Court,

the demand was premature and a nullity. Accordingly, we affirm the trial court.

The UTCs were issued to Millan on March 16, 1996. At a hearing in the Recorder's Court on April 30, 1996, Millan requested a jury trial on the charges, and the case was bound over to State Court. The Recorder's Court Clerk filed the UTCs with the State Court Clerk on May 3, 1996. An affidavit from the District Attorney prosecuting the case on the state's behalf states that: "The citations were filed as an administrative procedure by the Recorders Court Clerk to the State Court Clerk. This filing is not through, nor authorized by, the District Attorney's Office." On May 14, 1996, Millan filed her speedy trial demand in the State Court. On September 26, 1996, the District Attorney filed an accusation in the State Court charging Millan with the offenses listed in the UTCs. On October 23, 1996, Millan filed her motion for discharge and acquittal based on the speedy trial demand.

In *State v. Gerbert*, 267 Ga. 169 (475 SE2d 621) (1996), the Supreme Court established a "bright-line rule . . . that the right to a speedy trial under OCGA § 17-7-170 attaches when *the state* files the uniform traffic citation with the court." (Emphasis supplied.) The evidence shows that the Recorder's Court Clerk filed the UTCs with the State Court without any participation by or authorization from the District Attorney. Thus, there is no evidence in the present case that the state filed the UTCs with the State Court. Contrary to Millan's contention, the fact that the District Attorney may have been aware that the UTCs had been filed by the Recorder's Court Clerk, is not evidence that the State filed the UTCs by consenting to, ratifying or approving the filing.

"Generally, a prosecution in state court commences with the filing by the [state prosecutor] of an accusation or UTC with the clerk of the court. OCGA § 16-1-3 (14)." (Citation and punctuation omitted.) *Shire v. State*, 225 Ga. App. 306, 307 (1) (a) (483 SE2d 694) (1997). Although OCGA § 40-13-1 provides that a UTC may function as an accusation, a UTC may function in the place of an accusation to commence the prosecution only when it has been filed with the court by the State.[1] See *Gerbert,* supra at 169-170. The state prosecutor chose to commence the prosecution in this case, not by filing the UTCs, but by filing an accusation with the State Court. Since Millan's right to a speedy trial under OCGA § 17-7-170 attached when

---

[1] Although OCGA § 15-18-66 (b) (10) was not in effect when the UTCs were filed in this case, it expresses the current legislative intention that: "No accusation, citation, or summons shall be considered filed unless such filing has been done with the consent, direction, or approval of the solicitor-general. . . . Prior to the filing of an accusation, citation, or summons, the solicitor-general shall have the same authority and discretion as district attorneys over criminal cases within their jurisdiction."

the District Attorney filed the accusation with the State Court, her speedy trial demand filed prior to that time was premature and a nullity. *Shire*, supra at 310.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 11, 1998.

*Lane & Crowe, Robert L. Crowe*, for appellant.

*Spencer Lawton, Jr., District Attorney, Sharon Patrick-Wilson, Assistant District Attorney*, for appellee.