A98A2121. CLARK v. THE STATE.
(510 SE2d 616)

ANDREWS, Chief Judge.

James Stephen Clark moved to be discharged and acquitted of the offenses of driving under the influence and following too closely on grounds that the State failed to afford him a speedy trial after he demanded a trial pursuant to OCGA § 17-7-170. The trial court denied the motion on the basis that Clark failed to comply with the requirement of § 17-7-170 (a) that the demand for trial be entered at the court term at which the accusation was filed, or at the next succeeding term, or thereafter by special permission of the court. We find no error and affirm the judgment of the trial court.

Under OCGA § 17-7-170, an accused may, as a matter of right, enter a demand for a speedy trial at the court term at which the accusation is filed or at the next regular court term. In order to enter a demand for trial at any subsequent court term, the accused must seek special permission of the court. OCGA § 17-7-170 (a). Under § 17-7-170 (b), "[i]f the person is not tried [during the court term] the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the . . . accusation."

The uniform traffic citations issued to Clark for driving under the influence and following too closely were filed by the State in the Cobb County State Court on June 30, 1997, during the May 1997 term of court (beginning May 5, 1997 and ending July 6, 1997). During the July 1997 term of the state court (beginning July 7, 1997 and ending August 31, 1997), the State filed a two-count accusation against Clark for the same charges made in the citations. Thereafter,

on October 8, 1997, during the September 1997 term of the state court (beginning September 1, 1997 and ending November 2, 1997), Clark filed his demand for a trial pursuant to OCGA § 17-7-170. Clark did not seek special permission from the state court to file the demand for trial at the September 1997 term. On January 7, 1998, Clark moved for discharge and acquittal on the basis that, after he entered a demand for trial at the September 1997 term, the State failed to afford him a trial during that term or during the next succeeding November 1997 term of the state court (beginning November 3, 1997 and ending January 4, 1998). Ga. L. 1979, pp. 3481, 3483. It is undisputed that juries were impaneled and qualified to try Clark at the September and November terms.

In *State v. Gerbert*, 267 Ga. 169-170 (475 SE2d 621) (1996), the Supreme Court recognized that a uniform traffic citation may function as an accusation and adopted a bright-line rule "that the right to a speedy trial under OCGA § 17-7-170 attaches when the state files the uniform traffic citation with the court." Accordingly, when the State filed the uniform traffic citations with the court, they functioned as an accusation, commenced the prosecution, and established the term of court at which the right to a speedy trial under § 17-7-170 attached. OCGA § 40-13-1; *Millan v. State*, 231 Ga. App. 121, 122 (497 SE2d 664) (1998); *Shire v. State*, 225 Ga. App. 306, 307 (483 SE2d 694) (1997); *State v. Rish*, 222 Ga. App. 729, 731-732 (476 SE2d 50) (1996). Although a formal accusation for the same charges was later filed at a subsequent term of court, it was superfluous. *Smith v. State*, 207 Ga. App. 762 (429 SE2d 149) (1993); *Duncan v. State*, 193 Ga. App. 793 (389 SE2d 365) (1989); *Majia v. State*, 174 Ga. App. 432, 433 (330 SE2d 171) (1985).

Since Clark's right to a speedy trial attached when the uniform traffic citations were filed during the May 1997 term of court, OCGA § 17-7-170 (a) required that the demand for trial be entered at the May 1997 term, or at the next succeeding regular term (the July 1997 term), or thereafter by special permission of the court. Clark did not file the demand for trial as a matter of right at the May 1997 term or at the July 1997 term. When he thereafter filed the demand at the September 1997 term, he did not seek special permission from the court. Accordingly, the demand for trial was not properly filed, and the trial court correctly denied Clark's motion for discharge and acquittal. *Ingram v. State*, 224 Ga. App. 271, 272 (480 SE2d 302) (1997).

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 30, 1998 —
RECONSIDERATION DENIED JANUARY 28, 1999 —

*Virgil L. Brown & Associates, Bentley C. Adams III*, for appellant.
*Barry E. Morgan, Solicitor, Jessica K. Moss, Katherine L. Kissam, Assistant Solicitors*, for appellee.