## A06A0229. ROBERTS v. THE STATE.
(634 SE2d 790)

BERNES, Judge.

Alan Glenn Roberts appeals from the trial court's order denying his plea in bar based on double jeopardy. Finding no error, we affirm.

This case arose after Roberts was involved in a motor vehicle accident on November 26, 2003 at approximately 2:02 p.m. The accident occurred when Roberts rear-ended another vehicle on Georgia Highway 36 in Newton County, causing the other driver to sustain a severe blunt force trauma to his spine. The other driver was pronounced dead at 3:15 p.m. later that same day.

Shortly after the collision, a law enforcement officer with the Georgia State Patrol arrived at the scene to investigate. At the time of his initial investigation, the officer did not realize that the injuries to the driver of the other vehicle would prove to be fatal. After identifying Roberts as the one at fault, the officer issued him a Uniform Traffic Citation ("UTC" or "ticket") for following the other vehicle too closely in violation of OCGA § 40-6-49 and gave him the yellow copy of the ticket. The ticket stated Roberts should appear in the Probate Court of Newton County on January 6, 2004.

When the investigating officer subsequently learned of the other driver's death, he deliberately withheld filing the ticket with the

clerk of the probate court. The officer intended to instead obtain warrants against Roberts for more serious charges related to the death.

Before the investigating officer obtained the warrants or notified and spoke with a state prosecuting attorney about the matter, Roberts appeared in the probate court on the date designated on the ticket. Because the officer had never filed the ticket with the probate court, the case had never been placed on the probate court's calendar, the officer did not appear in court, and no state prosecuting officer was present. The probate judge nevertheless allowed Roberts to plead nolo contendere to the charge of following too closely and assessed him a $65 fine after Roberts showed the judge his copy of the ticket.

On November 5, 2004, a Newton County grand jury indicted Roberts on one count of making false statements in a matter within the jurisdiction of a political subdivision (OCGA § 16-10-20) and one count of misdemeanor homicide by vehicle (OCGA § 40-6-393 (b)). The indictment charged that Roberts had committed misdemeanor vehicular homicide by following another vehicle too closely in violation of OCGA § 40-6-49, resulting in the death of that vehicle's driver.

Thereafter, Roberts filed his plea in bar contending that his prosecution in the Superior Court of Newton County on the two-count indictment was barred on double jeopardy grounds as a result of his previous plea of nolo contendere and payment of the fine in the probate court. After conducting a hearing, the trial court entered its order denying Roberts' plea in bar on the ground that the judgment rendered in the probate court was null and void. The trial court ruled that the probate court had lacked authority to hear and accept Roberts' plea on the charge of following too closely because the state had never filed the UTC with the clerk of the probate court and no prosecuting officer had participated in the proceedings.

On appeal, Roberts contends that his subsequent prosecution in superior court was barred on double jeopardy grounds under the Fifth Amendment to the United States Constitution, the Constitution of the State of Georgia, and Georgia statutory law. The prohibition against double jeopardy found in both the United States Constitution and Georgia Constitution "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." (Citations and punctuation omitted.) *Sword v. State*, 232 Ga. App. 497, 498 (502 SE2d 334) (1998). See U. S. Const. Amend. 5; Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. "OCGA §§ 16-1-6, 16-1-7, and 16-1-8 also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct." (Citation and punctuation omitted.) *Sword*, 232 Ga. App. at 498.

However, it is also a longstanding principle of law that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 17-9-4. See *Hubbard v. State*, 225 Ga. App. 154, 155 (483 SE2d 115) (1997). A void judgment does not bar a successive prosecution for the same offense under principles of double jeopardy. *State v. Perkins*, 276 Ga. 621, 623 (580 SE2d 523) (2003). See also *State v. Sheahan*, 217 Ga. App. 26, 27 (1) (456 SE2d 615) (1995) (physical precedent only) (double jeopardy did not bar subsequent prosecution when previously imposed fine in traffic court was void).

Turning to the present case, we conclude that the probate court's judgment was void. In criminal cases where no indictment must be returned, the "prosecution commences upon the lawful filing of the accusation. OCGA § 16-1-3 (14)." *State v. Rish*, 222 Ga. App. 729, 732 (1) (476 SE2d 50) (1996). In traffic cases, the UTC may serve as the accusation for the offense of which the accused is charged. OCGA § 40-13-1; *Houston v. State*, 267 Ga. App. 315 (599 SE2d 278) (2004). Hence, a traffic case "commences with the filing . . . of an accusation or UTC with the clerk of the court." *Millan v. State*, 231 Ga. App. 121, 122 (497 SE2d 664) (1998). See also *Webb v. State*, 278 Ga. App. 9, 11 (2) (627 SE2d 925) (2006) (speedy trial demand premature until UTC filed with the court, commencing the traffic case).

Here, the arresting officer deliberately withheld the filing of the UTC in order *not* to commence the traffic case because he had decided to seek and obtain warrants for more serious offenses. Furthermore, no prosecuting officer appeared at the probate court hearing or otherwise took any steps to prosecute the case. In effect, Roberts was able to unilaterally initiate and proceed with his own criminal case over the implicit objection of the state. This, Roberts could not do: neither an accused nor a third-party private citizen may prosecute a criminal matter on his or her own.

> From the beginning of our criminal justice system prosecutors have exercised the power of prosecutorial discretion in deciding which defendants to prosecute. *Bishop v. State*, 265 Ga. 821, 822 (462 SE2d 716) (1995); see *Hicks v. Brantley*, 102 Ga. 264, 271-272 (29 SE 459) (1897) (prosecuting attorney is to determine whether or not to commence a prosecution).

(Citation and punctuation omitted.) *Shire v. State*, 225 Ga. App. 306, 308 (1) (a) (483 SE2d 694) (1997). See also *State v. Perry*, 261 Ga. App. 886, 887 (583 SE2d 909) (2003) ("In the district attorney's [or solicitor-general's] role as an administrator of justice, he or she has broad discretion in making decisions prior to trial about whom to prosecute.

what charges to bring, and which sentence to seek.") (citation, punctuation and footnote omitted); *Grimsley v. State*, 233 Ga. App. 781, 782 (505 SE2d 522) (1998) ("[T]he decision of whether to prosecute and what charges to file are decisions that rest in the prosecutor's discretion.") (citation omitted).

Nor could the probate judge serve as the prosecuting official. See OCGA § 15-9-3 (1) (forbidding probate judges from "engag[ing], directly or indirectly, in the practice of law . . . [i]n any case or proceeding in his own court"). "The Georgia appellate courts have historically safeguarded the prosecutor's independence in the performance of the duties of that office and the separation of the judicial and prosecutorial functions." *Rish*, 222 Ga. App. at 732 (1).

Thus, under these circumstances, where the charging instrument was deliberately withheld from filing and the state did not authorize or participate in the prosecution of the case, the probate court lacked authority to accept Roberts' plea and impose the $65 fine. Its resulting judgment, therefore, was void. See *State v. Dawson*, 203 Ga. App. 854, 855 (1), (3) (419 SE2d 30) (1992) (trial court's acceptance of plea was void when it was accepted ex parte without notice to, or any involvement of, the state). See also *Murphy v. Murphy*, 214 Ga. 602, 605 (2) (106 SE2d 280) (1958) (ex parte orders or judgment are void); *United States Fidelity & Guaranty Co. v. Dunbar*, 112 Ga. App. 102, 106 (2) (143 SE2d 663) (1965) (same). Accordingly, the trial court did not err in denying Roberts' plea in bar based on double jeopardy, since the probate court's void judgment could not serve as the basis for barring the subsequent indictment and prosecution of Roberts in the superior court. See *Perkins*, 276 Ga. at 623; *Sheahan*, 217 Ga. App. at 27 (1).[1]

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 28, 2006 —
RECONSIDERATION DENIED JULY 26, 2006 — ▮▮▮▮▮

*Eason, Kennedy & Crawford, Richard B. Eason, Jr., David S. Crawford*, for appellant.

---

[1] Neither *Gray v. State*, 273 Ga. App. 441, 444-445 (1) (b) (615 SE2d 248) (2005) nor *State v. Williams*, 214 Ga. App. 701, 702 (448 SE2d 700) (1994) change the outcome in this case. The two cases are factually inapposite. In *Gray*, the state actively and fully participated in the prosecution of the case, and did in fact file an accusation (albeit after the defendant entered his plea). See *Gray*, 273 Ga. App. at 444-445 & n. 2. There is no indication in *Williams* that the charging instrument in probate court was deliberately withheld from filing in order to seek warrants on more serious charges.

*W. Kendall Wynne, Jr., District Attorney, Layla V. Hinton, Assistant District Attorney,* for appellee.