# Court of Appeals
# of the State of Georgia

ATLANTA,  September 26, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0802. SPACKMAN v. THE STATE.**

On October 7, 2016, in the City of Carrollton, Georgia, Appellant Hank Carver Spackman was arrested and charged by way of Uniform Traffic Citations ("UTC") with Driving Under the Influence, see OCGA §§ 40-6-391 (a) (1) and (a) (5), as well as making an improper turn, see OCGA § 40-6-120, and violating the terms of his limited driving permit, see OCGA § 40-5-64. That same day, Appellant was released on bond. The limited record before us shows that some two years later the cases were bound over from the Municipal Court of the City of Carrollton to the State Court of Carroll County and that, on October 11, 2018, the Solicitor of the State Court of Carroll County filed an accusation charging Spackman with the offenses occurring on October 7, 2016.

Appellant, through counsel, subsequently filed a Plea in Bar and Motion to Dismiss arguing that any prosecution of the charges was barred by the relevant statutes of limitation because, he argued, the UTCs were never filed in any court and because the accusation was filed more than two years after the offenses. Following a hearing, the trial court denied the motion in a summary order. In a subsequent stipulated bench trial, Appellant was found guilty of each offense as charged in the accusation.[1] Appellant secured a supersedeas bond, and this appeal follows. Appellant maintains on appeal that the prosecution of these offenses is barred by the relevant

---

[1] The trial court merged the two DUI charges for sentencing purposes.

statutes of limitation.[2] We cannot yet reach this question.

The offenses here are misdemeanors, see OCGA §§ 40-6-1 (a) and 40-6-391 (c), the prosecution of which "shall be commenced within two years after the commission of the crime." OCGA § 17-3-1 (e). There is no dispute that the accusation was filed more than two years after the alleged crimes were complete, and, so, our focus is on the underlying UTCs. The central issue here is how a prosecution is "commenced" when the charges are initially brought by means of a UTC; the State contends that the mere issuance of a UTC commences the prosecution, while Appellant maintains that a UTC only commences the prosecution if it is filed with the proper court. It does not appear that this question has been squarely resolved by the Georgia Supreme Court,[3] and precedent on this question from this Court has been inconsistent for decades.[4] Before we can resolve this issue, we must be certain as to whether the UTCs in this case were, in fact, filed in any court of competent jurisdiction; while the materials before this Court strongly suggest that the UTCs

---

[2] Appellant has also maintained that the charges "are fatally flawed in that they each fail to allege the essential elements of each of the offenses." We need not consider this argument as this time.

[3] But see *State v. Gerbert*, 267 Ga. 169, 170 n. 10 (475 SE2d 621) (1996).

[4] Compare *Roberts v. State*, 280 Ga. App. 672, 674 (634 SE2d 790) (2006) ("[A] traffic case commences with the filing of an accusation or UTC with the clerk of the court.") (citation and punctuation omitted); *Clark v. State*, 236 Ga. App. 130, 131 (510 SE2d 616) (1998) (same); *Millan v. State*, 231 Ga. App. 121, 122 (497 SE2d 664) (1998) (same); *Shire v. State*, 225 Ga. App. 306, 307 (483 SE2d 694) (1997) (same), *State v. Rish*, 222 Ga. App. 729, 731 (1) (476 SE2d 50) (1996) (same), *Weaver v. State*. 179 Ga. App. 641, 641 (1) (347 SE2d 295) (1986) (same), with *Forbes v. State*, 338 Ga. App. 546, 547-548 (790 SE2d 550) (2016) ("The UTC issued to Smith commenced the prosecution and summoned her to the Recorders Court of DeKalb County[.]"); *Chism v. State*, 295 Ga. App. 776, 777 (1) (674 SE2d 328) (2009) (same); *Bishop v. State*, 261 Ga. App. 445, 445 (1) (582 SE2d 571) (2003) (same); *Davis v. State*, 208 Ga. App. 845, 846 (432 SE2d 229) (1993) (same); *Poppell v. State*, 209 Ga. App. 91, 92 (432 SE2d 573) (1993) (same); *State v. Rustin*, 208 Ga. App. 431, 433 (2) (430 SE2d 765) (1993) (same).

were *not* filed, the record does not indisputably establish this fact,[5] and the trial court made no findings when deciding Appellant's motion to dismiss.

Accordingly, we remand this matter to the state court to make a finding as to whether the UTCs in this case were filed in a court of competent jurisdiction, and, if so, when those filings occurred. On remand, the state court is authorized to conduct proceedings necessary to make the required findings. Finally, while this matter is on remand, the state court may, at its discretion, also consider additional matters submitted by the parties.[6]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/26/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen
, *Clerk.*

---

[5] The record does not indicate what prompted the municipal court to bind the charges over to the state court, and the hearing transcript reflects that a bench warrant was issued for Appellant in October 2016, which suggests that the UTCs may have been filed at some point prior to the accusation, see OCGA § 17-7-90 (a) (3).

[6] In a joint motion to remand, the parties have asserted that Appellant was meant to be tried on the UTCs rather than the accusation, and the parties ask that this appeal be remanded to the state court on this basis. While the motion is rendered moot by this order, the state court may, in its discretion, consider this issue on remand, though we offer no opinion as to whether or how such issue may be resolved.