## A96A0524. HAYGOOD v. THE STATE.
(471 SE2d 552)

BIRDSONG, Presiding Judge.

After a bench trial, Donna E. Haygood was found guilty of violating a local ordinance against possessing animals which create a nuisance. In her dispositive enumeration of error, Haygood, acting pro se, argues that she was denied her right to a jury trial.

This case arose after Haygood's neighbor complained to the Cherokee County Animal Control Department that Haygood's dogs had barked continuously at night for approximately one and one-half years. The animal control department issued a citation charging Haygood with creating a nuisance and ordering her to appear in magistrate court.

Haygood filed a request for a jury trial. The case was therefore bound over to state court for a jury trial. On March 3, 1995, the county solicitor issued a notice to Haygood that her case had been set for a non-jury trial on April 26. The solicitor then issued a notice on April 12, continuing the case until June 5. Haygood retained counsel, who filed another demand for jury trial on June 2. On the day of trial, June 5, 1995, Haygood signed a written waiver of arraignment form. However, she crossed out the portion of the form which waived the right to trial by jury. Nevertheless, the case was tried without a jury. The court heard the evidence, adjudicated Haygood guilty, and sentenced her to 60 days incarceration to be suspended upon payment of a $500 fine and two additional $50 fees.

After Haygood filed her initial pro se appeal, she moved to remand to the trial court to make corrections to the record, including portions of the record showing that her counsel moved for a continuance so that she could be tried by a jury and sought the judge's recusal for bias. This Court remanded the case for an evidentiary hearing under OCGA § 5-6-41 (f).

On remand, the trial court held an evidentiary hearing during which the court reporter who transcribed Haygood's trial testified that because no one requested her to transcribe the pretrial motion proceedings, they had not been transcribed. The court found no evi-

dence that the transcript of the trial itself was inaccurate. *Held*:

1. "The Fourteenth Amendment guarantees the right of trial by jury in all state nonpetty criminal cases." *Ballew v. Georgia*, 435 U. S. 223, 229 (98 SC 1029, 55 LE2d 234). When questions regarding the denial of this fundamental right arise, the State bears the burden of demonstrating that the right was knowingly and intelligently waived or did not attach. *Keith v. State*, 218 Ga. App. 729, 730-731 (463 SE2d 51); see *Carleton v. State*, 176 Ga. App. 399 (336 SE2d 333).

Despite this burden, the State's response to this enumeration, in its totality, is this single conclusory sentence: "The trial court did not err by proceeding with a nonjury trial on June 5, 1995." The State presents no evidence or argument that the right to a jury trial did not attach in this case.

Because appellate courts may not take judicial notice of municipal or county ordinances not included in the record and the record does not reveal the maximum allowable punishment for violating the ordinance at issue, we cannot determine whether the offense charged was "nonpetty" (*Ballew*, supra) and thus not subject to the jury trial guarantee. *Hood v. Mayor &c. of Savannah*, 247 Ga. 524 (277 SE2d 54); *Hernandez v. Bd. of Commrs. of Camden County*, 242 Ga. 76, 77 (247 SE2d 870). We particularly will not speculate as to such a matter where the constitutional right to jury trial is involved. Inasmuch as there is no evidence in this record of the calibre of this crime, we will not indulge any presumption that the trial court considered any ordinance to determine whether Haygood was entitled to her demanded right to jury trial under the constitution.

Further, the record conclusively demonstrates that Haygood did not waive her right to a jury trial. Although Haygood's oral pretrial objections to proceeding with a bench trial were not transcribed, the evidence of record establishes that Haygood twice requested a jury trial. Nor did she waive her right to jury trial when she waived arraignment, for the record shows that at arraignment she crossed out the language on the waiver form waiving the right to a jury trial.

Moreover, OCGA § 15-10-61 required the magistrate court to grant Haygood's initial written demand for jury trial and remove the case to the state court for a jury trial. It defies logic that § 15-10-61 would include such a mandate if it were proper for the state court to deny a jury trial in a case so removed, where the State has not borne its burden to establish that no such right exists. The State fails to demonstrate to this Court that Haygood was not entitled to a jury trial, and we therefore conclude the state court erred in depriving her of her demanded jury trial.

2. Haygood's argument that the trial judge improperly denied her motion to recuse is not preserved for appellate review. Haygood has presented no transcript, stipulation, or direction by the court

involving this issue. OCGA § 5-6-41 (f). "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed at the trial court." *Howe v. State*, 250 Ga. 811, 814 (2) (301 SE2d 280). This record presents us with nothing to review.

Even if a transcript had been included in the record, Haygood's argument would fail as a matter of law. She argues that recusal was required because of bias arising from prior proceedings before the same judge. In order to be disqualifying the alleged bias must stem from an extra-judicial source and must result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *McBride v. State*, 213 Ga. App. 857, 859 (4) (446 SE2d 193). The record contains no evidence of such bias.

Due to the State's utter failure to satisfy its burden of proof, we reverse and remand for proceedings consistent with this opinion. In light of this disposition, we need not reach Haygood's remaining enumerations of error.

*Judgment reversed and case remanded. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MAY 21, 1996.

Donna E. Haygood, *pro se.*

*Daniel T. Stringer, Solicitor, Leslie C. Abernathy, Assistant Solicitor,* for appellee.