A98A0751. ELLSWORTH v. THE STATE.
(500 SE2d 642)

BLACKBURN, Judge.

Richard E. Ellsworth appeals the trial court's denial of his motion to set aside judgment and motion for writ of error coram nobis. By those motions, Ellsworth contended that the trial court originally erred in denying his motion to acquit pursuant to OCGA § 17-7-170, the speedy trial statute.

On March 9, 1996, a Gwinnett County police officer issued three traffic citations to Ellsworth: one for failing to maintain a single lane, one for DUI, and one for failing to wear his seatbelt. The clerk of the recorder's court testified that the case was docketed in Gwinnett County Recorder's Court on March 14, 1996. Thereafter, Ellsworth's counsel filed an entry of appearance and a request for a jury trial on April 22, 1996. Upon a request for a jury trial, the recorder's court loses jurisdiction because it does not impanel juries. The case is then forwarded to the solicitor's office for docketing in state court. Ellsworth filed a demand for speedy trial in state court on April 29, 1996. However, the case had not yet been docketed in state court. The recorder's court issued an order on May 16, 1996, binding the citations over to the state court solicitor. The solicitor did not file the citations or an accusation in state court. However, on October 9, 1996, Ellsworth was indicted in Gwinnett Superior Court on the felony offense of serious injury by vehicle. On October 23, 1996, Ellsworth filed his motion to acquit pursuant to OCGA § 17-7-170, which was subsequently denied by the trial court.

"OCGA § 17-7-170 provides that an accused may enter a demand for a speedy trial at the court term in which the accusation is filed or the next regular court term. The demand must be served on the prosecutor. If the accused is not tried when the demand is made or at the next term of court and juries were impaneled and qualified to try the case at both court terms, the defendant 'shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.' " (Footnote omitted.) *State v. Gerbert*, 267 Ga. 169, 170 (475 SE2d 621) (1996). In *Gerbert*, the Supreme Court of Georgia determined that "the statutory right to demand a speedy trial of a traffic offense in state court attaches when the uniform traffic citation is filed with the court." Id. The court issued the bright-line rule that "[i]f a court can adjudicate the charges in the citation without the filing of a formal accusation, then a defendant should be able to

enter a speedy trial demand based solely on the citation." Id.

In the present case, it is undisputed that the citations were never filed in state court, where Ellsworth's speedy trial demand was filed. The citations contained in the record each bear stamps indicating that they were "Entered" March 10, 1996 and "Entered" again on March 12, 1996, but these stamps do not indicate where the citations were entered. We further note that other documents in the record reflect a filing stamp from the recorder's court, yet the citations do not contain such a stamp. Therefore, the citations were not filed prior to Ellsworth's speedy trial demand. Pursuant to *Gerbert*, Ellsworth's speedy trial demand was premature. See also *Meservey v. State*, 230 Ga. App. 382 (496 SE2d 518) (1998) (UTC not formally filed unless by solicitor or with his consent).

The citations were filed in the Gwinnett County Superior Court on December 22, 1997, several months after Ellsworth was indicted on the felony charge. "Under Georgia law a trial court may not try a person charged with a felony until an indictment issues, unless the accused files a waiver of indictment and consent *in writing*. OCGA § 17-7-70." (Emphasis in original.) *Groom v. State*, 212 Ga. App. 133 (441 SE2d 259) (1994). Ellsworth is now before the Gwinnett County Superior Court indicted on a felony charge, and the misdemeanor charges for which he was previously cited are not being pursued by the State. The record does not contain a waiver of indictment. Therefore, Ellsworth's speedy trial demand was also premature for the felony offense for which he is presently being prosecuted. See id. at 134.

Based on the foregoing, the trial court did not err in denying Ellsworth's motion to acquit, motion to set aside judgment, or motion for writ of error coram nobis.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 31, 1998 —
RECONSIDERATION DENIED APRIL 10, 1998 — ▮

*Fred P. Meyer, Raymond J. O'Reilly*, for appellant.
*Daniel J. Porter, District Attorney, Ben L. Leutwyler III, Assistant District Attorney*, for appellee.