## S01A1657. SMITH v. GREENE.
(559 SE2d 726)

HINES, Justice.

This is an appeal of the denial of a writ of mandamus seeking to require that the prosecution of alleged violations of county development regulations be removed to state court for trial by jury. Finding no right to mandamus, we affirm the denial of the writ.

On November 15, 2000, Grady Smith was charged with violations of the Development Regulations of Gwinnett County for grad-

---

ing without permits, "filling right of way," and "filling lake." On November 30, 2000, Smith filed a demand for jury trial pursuant to OCGA § 15-10-61[1] in the Recorder's Court of Gwinnett County.[2] In January 2001, Smith appeared for arraignment in the recorder's court before Judge Greene and also filed a motion to remove his case to the State Court of Gwinnett County for jury trial. Judge Greene denied Smith's demand for a jury trial and motion for removal,[3] and set the matter for a bench trial in the recorder's court.

Smith filed the present petition for writ of mandamus in the Superior Court of Gwinnett County to require Judge Greene to remove the case to state court for jury trial. The superior court denied the petition,[4] finding that Smith has no clear legal right to compel Judge Greene to bind over violations of county ordinances to the state court for jury trial where the violations are not also violations of state law.[5]

The superior court did not err in denying mandamus. "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights." OCGA § 9-6-20.

There was no failure of or improper performance by Judge Greene in refusing to remove Smith's alleged violations to state court for trial before a jury. As noted by Judge Greene, Smith filed his demand and motions pursuant to Title 15, Chapter 10 of the Official Code of Georgia Annotated, applicable to magistrate courts, and the Recorder's Court of Gwinnett County is not a magistrate court. The Recorder's Court of Gwinnett County was established by a local act enacted in 1972. Ga. L. 1972, p. 3125; see *Wojcik v. State*, 260 Ga. 260 (392 SE2d 525) (1990). It was given jurisdiction to hear and determine, inter alia, "cases involving violations of the ordinances of

---

[1] OCGA § 15-10-61 provides:
There shall be no jury trials in the magistrate court. Any defendant who is charged with one or more ordinance violations may, at any time before trial, demand that the case be removed for a jury trial to the state court of the county or to the superior court of the county if there is no state court. Such a demand shall be written. Upon such a demand the court shall grant the demand. Failure to so demand removal of the case shall constitute a waiver of any right to trial by jury which the defendant may otherwise have.

[2] At the same time, Smith moved to abate the citation and dismiss the proceedings due to alleged violations of OCGA §§ 15-10-62 (a) and 15-10-63.

[3] Judge Greene also denied Smith's motions for abatement and dismissal.

[4] Smith also asked for a writ of prohibition to preclude his trial in the recorder's court, which was likewise denied. Smith does not appeal the denial of the writ of prohibition.

[5] Additionally, the court found that an adequate remedy of law existed through a writ of certiorari.

Gwinnett County." Ga. L. 1972, p. 3126, § 2.

Smith argues that Article 4 of Title 15, OCGA § 15-10-60 et seq., applicable to magistrate courts, and specifically, OCGA § 15-10-61, which provides for removal for jury trial to state court upon timely demand, applies to his situation because it is a general law governing cases of alleged violations of county ordinances, and that anything contrary in the local law establishing the Recorder's Court of Gwinnett County is violative of the 1983 Ga. Const., Art. III, Sec. VI, Par. IV, which prohibits the enactment of a local or special law in any case for which provision has been made by an existing general law. But Smith's argument is built upon the faulty premise that OCGA § 15-10-60 et seq. applies to the recorder's court. It does not.

The plain language of Article 4, and OCGA § 15-10-61 in particular, addresses itself to magistrate courts. See footnote 1, supra. And the Recorder's Court of Gwinnett County simply is not a magistrate court. See OCGA § 15-10-1 et seq. What is more, the local act establishing the recorder's court predates the act establishing a state-wide system of magistrate courts. See Ga. L. 1983, p. 884 et seq.[6] Accordingly, OCGA § 15-10-61 is not a general law which provides for removal to state court for jury trial, and the local law governing the Recorder's Court of Gwinnett County does not violate the constitutional prohibition against local laws on the same subject as general laws. *Zornes v. State*, 262 Ga. 757, 759 (1) (426 SE2d 355) (1993).

The 1972 Act creating the recorder's court further provides that "[t]he Recorder, on his own motion and within his sole discretion may bind over any case for trial and disposition, after first setting bond, to the State or Superior Court of Gwinnett County where the offense would constitute a violation of a State law." Ga. L. 1972, p. 3133, § 23. But here, there is no showing that the charged violations constitute violations of a state law. Nor, because of the prescribed punishment, can it be said that this is a state nonpetty criminal case so that there is a constitutional right of trial by jury.[7] See *Haygood v. State*, 221 Ga. App. 477, 478 (1) (471 SE2d 552) (1996), citing *Ballew v. Georgia*,

---

[6] The 1983 Ga. Const., Art. VI, Sec. I, Par. V expressly acknowledges the existence of non-uniform courts. Art. VI, Sec. X, Par. I provides that recorder's courts and other specified courts and administrative agencies having quasi-judicial powers, "shall continue with the same jurisdiction as such courts and agencies have on the effective date of this article until otherwise provided by law." Moreover, with some exceptions, those non-uniform courts in existence on June 30, 1983 are not subject to the exclusivity provisions of Article VI. 1983 Ga. Const., Art. VI, Sec. I, Par. I.

[7] Section 13.5.1 of the Development Regulations of Gwinnett County provides in part:
Any responsible party or other persons convicted by a court of competent jurisdiction of violating any provision of these Regulations shall be guilty of violating a duly adopted Ordinance of Gwinnett County and shall be punished either by a fine not to exceed $500 or by imprisonment not to exceed 60 days, or both.

435 U. S. 223, 229 (98 SC 1029, 55 LE2d 234) (1978).[8] Therefore, it can hardly be said that Judge Greene erred or, as contended by Smith, grossly abused his discretion in refusing to remove the charges to state court for jury trial.

"Mandamus will issue against a public official only where the petitioner has demonstrated a clear legal right to relief." *Gilmer County v. City of East Ellijay*, 272 Ga. 774, 776 (1) (533 SE2d 715) (2000), quoting *Gwinnett County v. Ehler Enterprises*, 270 Ga. 570 (512 SE2d 239) (1999). Smith fails to carry that burden.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002 —
RECONSIDERATION DENIED MARCH 11, 2002.

*Harrison & Harrison, G. Hughel Harrison*, for appellant.
*Karen G. Thomas, Michael V. Stephens II*, for appellee.

---

[8] Smith also urges that OCGA § 15-10-60 (a) "removes the 'nonpetty' standard to qualify for jury trial" under *Ballew*. But, again, such statute addresses the magistrate courts and has no applicability to Smith's case.