A02A0258. MOODY v. THE STATE.
(567 SE2d 709)

PHIPPS, Judge.

Stuart Lee Moody was convicted in the State Court of DeKalb County of speeding, driving under the influence of alcohol to the extent that it was less safe for him to drive, and driving with an unlawful blood alcohol concentration. He contends that his convictions are void because jurisdiction was not proper in that court. Because the record demonstrates otherwise, we affirm.

On November 7, 1999, Moody was issued several uniform traffic citations, charging him with violating various state laws in Doraville and ordering him to answer the charges in the Municipal Court of Doraville. The record reflects that Moody demanded a jury trial, and his case was bound over to state court, where an accusation charged him with driving under the influence of alcohol to the extent that it was less safe for him to drive, driving while having an unlawful blood alcohol concentration, and two counts of speeding.

Moody filed a motion to quash the accusation, wherein he claimed that he had waived his right to a jury trial in the municipal court and that jurisdiction was improper in the state court.[1] A judge, sitting by designation of the state court, considered Moody's motion and transferred his case back to municipal court "to ensure that proper procedures have been and will be followed in the bindover of this case."

About a week later, however, Judge Carriere of the state court ordered the parties to appear for a hearing on the issue of whether there was authority supporting the transfer back to municipal court. At the hearing, Judge Carriere informed the parties that he had "talked with [the municipal court judge] to see if he was aware of authority or if he wanted the case to come back to Doraville. [The municipal court judge] has no interest in it one way or the other [and] would do whatever an order required to be done." Judge Carriere further informed the parties that he had talked with the solicitor-general, who he said had stated that "[the case] had been bound over, [and it] suited him to leave it bound over." After hearing argument, Judge Carriere determined that the transfer was not authorized and announced that the transfer order would be set aside as improvidently entered. He then stated, "As a result of having talked with [the municipal court judge] and also [the solicitor-general], though not about the substance of the case, if you wish for me to recuse myself on it because of that communication, I will be happy to do so."

At Moody's request, the case was transferred to another judge of the state court, and a jury trial was scheduled. The record shows that on the day of trial, Moody waived his right to a trial by jury and requested a bench trial on stipulated facts. He was found guilty of all charges except one count of speeding.

On appeal, Moody contends that his convictions are void because the state court lacked jurisdiction of his case. He argues that jurisdiction was proper in the municipal court because his case had been validly transferred back to that court and that the subsequent order

---

[1] Moody also claimed that he had been engaging in plea negotiations in the municipal court. And in his brief to this court, Moody claims that "it was agreed that [he] would receive consideration for his plea in [municipal court]."

that set aside the transfer was void because Judge Carriere had grounds to recuse himself when he vacated the transfer order. He urges that "once grounds for voluntary recusal had been raised by the trial court on his own motion any further action on the merits of the case was prohibited pursuant to Uniform Superior Court Rule 25.3[2] until the issue of recusal was resolved."

In determining the issue of disqualification, OCGA § 15-1-8 and Canon 3 (E) (1) of the Code of Judicial Conduct should be considered.[3] Moody does not suggest that there is any basis for disqualification as set forth in OCGA § 15-1-8. Canon 3 (E) states: "Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. . . ." "The alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[4]

Moody filed no motion to recuse and accompanying affidavit, nor did he otherwise allege that Judge Carriere harbored any bias.[5] He merely asserts now that Judge Carriere "presumably [had] valid grounds to recuse himself." But even assuming that Judge Carriere's statements at the hearing amounted to a voluntary disqualification, Uniform State Court Rule 25.7 specifically provides that if a judge voluntarily disqualifies himself, either on the motion of one of the parties or the judge's own motion, such act shall not be construed as either an admission or denial of any alleged grounds that would support recusal.

Moreover, as Judge Carriere explained in the order forwarding Moody's case to the chief judge of the state court for reassignment, "the Court was concerned that the parties, specifically the Defendant might believe that the Court had a particularized interest in the case. In order to obviate this misconception the Court, sua sponte, gave the State and the Defendant the opportunity to have this matter assigned to another division of the State Court of DeKalb County *for trial*."[6] Notably, Moody's trial on the merits of his criminal

---

[2] When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. . . .

[3] *Gillis v. City of Waycross*, 247 Ga. App. 119 (543 SE2d 423) (2000).

[4] (Citation and punctuation omitted.) Id. at 120.

[5] See Uniform State Court Rule 25. The Uniform Rules for the superior courts are applicable in state courts unless specifically stated otherwise by the Uniform State Court Rules. See Preamble of the Uniform State Court Rules; *Woody v. State*, 229 Ga. App. 823, 825 (2) (494 SE2d 685) (1997).

[6] (Emphasis supplied.)

charges was not before Judge Carriere, but before another judge of the state court.

Moody's case began in the municipal court, but that court was deprived of jurisdiction by his demand for a jury trial.[7] The case was properly bound over to the state court.[8] Moody asserts in his appellate brief that he had filed a waiver of trial by jury in the municipal court. But that assertion is not supported by citation to the record, and the record confirms that as late as the Friday preceding the Monday of his trial, his jury trial demand in state court remained pending. Although Moody waived his right to a jury trial moments before his trial began, that waiver did not deprive the state court of jurisdiction.

Moody was given the opportunity to provide authority for transferring his case back to municipal court, but could not do so. Judge Carriere correctly determined that Georgia law did not provide for such a transfer and thus vacated a nullity, insofar as the earlier order purported to transfer Moody's case back to municipal court. While we disapprove of any departure from Uniform State Court Rule 4.1,[9] we find that the facts and circumstances presented by this case were insufficient to call reasonably into question Judge Carriere's impartiality on the question of whether to vacate the transfer order.[10]

Moody has failed to show that a recusal was warranted, and the order vacating the transfer order is not void. Jurisdiction was properly within the state court.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 21, 2002.

*Virgil L. Brown & Associates, Virgil L. Brown, Larkin M. Lee*, for appellant.

---

[7] See OCGA § 40-13-21 (b) ("all municipal courts are granted jurisdiction to try and dispose of misdemeanor traffic offenses arising under state law . . . , if the defendant waives a jury trial . . ."); *Kolker v. State*, 260 Ga. 240, 244 (391 SE2d 391) (1990) (power of municipal courts to try and dispose of misdemeanor traffic offenses is conditioned upon the defendant's waiver of his right to a jury trial).

[8] See *Puckett v. State*, 239 Ga. App. 582, 583 (1) (521 SE2d 634) (1999).

[9] "Except as authorized by law or by rule, judges shall neither initiate nor consider ex parte communications by interested parties or their attorneys concerning a pending or impending proceeding." The rule violation was talking with the solicitor-general about the case.

[10] We also recognize that remanding this case for the purpose of requiring another judge's determination on the question of whether to set aside the transfer order would be useless as the law would demand the same result.

*Gwendolyn R. Keyes, Solicitor-General, Rupal D. Vaishnav, Assistant Solicitor-General*, for appellee.