A02A0104. FOCUS ENTERTAINMENT INTERNATIONAL, INC. v. BAILEY et al.
(568 SE2d 183)

BARNES, Judge.

Focus Entertainment International, Inc. was cited more than 200 times for violating three Union City ordinances, including an ordinance prohibiting the operation of a sexually oriented business without a license. The municipal court denied the company's motion for a jury trial. Following a bench trial, the court convicted the company of all offenses and assessed a fine of $22,300. The Superior Court of Fulton County then granted Focus Entertainment's petition for a writ of certiorari and, after oral argument, affirmed the municipal court convictions, but did not address Focus Entertainment's constitutional challenge. We granted the company's application for discretionary appeal and affirm the superior court's ruling.

Focus Entertainment contends on appeal that the municipal court's refusal to bind its case over for a jury trial violated its constitutional rights to due process and equal protection. Nothing in the record, however, indicates that the company argued these constitutional grounds before the municipal court, which made no ruling on them. In its pre-trial argument before the municipal court on its motion for a jury trial, the company argued only that it had a right to a jury trial pursuant to Georgia statutes. It contended that, under OCGA § 36-32-3, a municipal court judge has "the same powers and authorities as magistrates in the matter of and pertaining to criminal cases of whatever nature in the several courts of this state." OCGA § 15-10-61 provides that, upon written demand for a jury trial, a magistrate must bind a criminal case over to the state or superior court. Therefore, reading the two statutes together, the company argued, a municipal court judge must also bind over a criminal case upon demand for a jury trial. The municipal court judge denied Focus Entertainment's motion for a jury trial without elaboration.

The Supreme Court of Georgia recently addressed a similar issue in *Smith v. Greene*, 274 Ga. 815 (559 SE2d 726) (2002), and considered the denial of a petition for a writ of mandamus, seeking to require the removal of a prosecution for county ordinance violations from recorder's court to state court for a jury trial, pursuant to OCGA § 15-10-61. The Supreme Court noted that "the plain language of Article 4 [of Title 15], and OCGA § 15-10-61 in particular, addresses itself to magistrate courts. And the Recorder's Court of Gwinnett County simply is not a magistrate court." Id. at 817. Therefore, as this case arose in municipal court, not magistrate court, Focus Entertainment was not entitled to have the charges against it bound over to state court.

"The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers." OCGA § 5-4-1. While Focus Entertainment argued constitutional errors to the superior court in its petition for a writ, the superior court did not rule on its constitutional challenge. Therefore, this issue was not preserved for appeal because the constitutional issue was not raised and *ruled on* below. *In re L. C.*, 273 Ga. 886, 889 (2) (548 SE2d 335) (2001). Further, transfer of this appeal to the Supreme Court of Georgia is not warranted because that court "does not have exclusive appellate jurisdiction over a case where the constitutional issue asserted on appeal has not been raised in and ruled upon by the trial court. [Cit.]" *Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996).

Accordingly, we affirm the superior court's order.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 2, 2002.

*Begner & Begner, Alan I. Begner, Robert M. Adelson*, for appellant.

*McNally, Fox & Grant, Dennis A. Davenport*, for appellees.