A02A1109. THE STATE v. JOHNSON.
(570 SE2d 627)

JOHNSON, Presiding Judge.

The state appeals from the state court's order granting Stephen Johnson's motion to dismiss a DUI accusation and transferring the case back to the recorder's court for resolution. For the reasons set forth below, we reverse the judgment of the state court.

In May 2001, Gwinnett County police arrested Johnson for DUI and issued a citation accusing him of violating OCGA § 40-6-391. Johnson was ordered to appear in the Recorder's Court of Gwinnett County.

In July 2001, Johnson filed in the recorder's court a motion to dismiss for lack of jurisdiction, alleging that the recorder's court could not hear cases involving state law violations. Johnson also objected in advance to any motions which might be filed by the solicitor to bind the case over to state court, and to enter a nolle prosequi in the case.

Before the recorder's court ruled on Johnson's motions, the solicitor of that court notified Johnson that he was electing to treat the DUI charge as a violation of the state criminal statute and that the charge would be bound over to the State Court of Gwinnett County.

Upon the solicitor's motion, the recorder's court judge issued an order binding the case over to state court. The state court solicitor-general then filed an accusation in state court charging Johnson with two counts of DUI, one for driving under the influence of alcohol when it was less safe to do so,[1] and one for driving under the influence of alcohol while being under twenty-one years old.[2] Johnson moved to dismiss the accusation, arguing that it was improper for the state court to proceed while there was still a prosecution pending in the recorder's court. According to Johnson, the purported transfer to state court was not valid, because OCGA § 40-6-376 does not authorize a transfer to state court by the solicitor, only by the defendant.

A short time later, the recorder's court solicitor moved to enter a

---

[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-391 (k).

nolle prosequi on the original DUI charge. The recorder's court judge granted the motion.

Thereafter, the state court judge issued an order stating that while the defendant may request a transfer to a state tribunal, there is no provision of the law which allows the *solicitor* to request such a transfer. Therefore, the state court ordered the case transferred back to the recorder's court for resolution there and implicitly granted Johnson's motion to dismiss the state court accusation. The state appeals from that order.[3]

1. The state contends that the state court erred in granting Johnson's motion to dismiss based on a finding that the solicitor lacked authority to move for a transfer of the case to state court. We agree with the state.

OCGA § 40-6-376 (a) provides, in pertinent part, that an offense which is a violation of both Chapter 6 and a local ordinance may, at the discretion of the local law enforcement officer or prosecutor, be charged as a violation of the state statute or of the local ordinance. Johnson concedes that the solicitor-general in this case was authorized to elect to charge him with violating the state statute.

It was also within the solicitor's authority to request that the charges be tried in state court. In *Mattarochia v. State*,[4] the defendant argued that his case was improperly bound over from the City Court of Atlanta to the State Court of DeKalb County because the citations issued indicated that he violated local ordinances and *he* had not elected to have the offenses treated as state offenses pursuant to OCGA § 40-6-376 (b). This Court held that the solicitor's decision to charge the defendant with state violations was duly authorized by OCGA § 40-6-376 (a). And though the Court did not expressly hold that the solicitor could properly move to try the state offenses in state court, it did hold that there was nothing improper in the case being bound over to state court without any election by the defendant to have the offenses treated as state offenses.[5] This holding supports the state's position here.

We also note that the recorder's court judge has authority, on his own motion and within his sole discretion, to bind a case over to state or superior court for trial and disposition where the offense would constitute a violation of state law.[6] Therefore, removal to state court can be accomplished without any election by the defendant.

And, we point out that, generally, a solicitor-general is autho-

---

[3] See OCGA § 5-7-1 (a) (1).

[4] 200 Ga. App. 681, 682 (1) (409 SE2d 546) (1991).

[5] Id.

[6] Ga. L. 1972, p. 3133, § 23; see *Smith v. Greene*, 274 Ga. 815, 817 (559 SE2d 726) (2002).

rized to enter a nolle prosequi on a pending accusation[7] and then renew the prosecution at a later date.[8] This would have the same effect as the transfer about which Johnson complains.

Contrary to Johnson's argument, OCGA § 40-6-376 (b) does not require a different result. Under that subsection, "If the offense charged under an ordinance constitutes a violation of any provision of this chapter, the defendant may request transfer of the charge to the appropriate state tribunal." Johnson interprets this subsection as meaning that only a defendant may request a transfer to state court. However, subsection (b) relates to offenses *charged under an ordinance*; in this case, the offenses are charged under a state statute: OCGA § 40-6-391. Further, the fact that this subsection states that "the *defendant* may request transfer"[9] to state court does nothing to prohibit the solicitor from *also* requesting a transfer.

Accordingly, the state court erred in dismissing the case and ordering it transferred back to the recorder's court for disposition.

2. Based on our holding in Division 1, we need not address the state's complaint that the state court judge was without authority to transfer the case back to the recorder's court.

*Judgment reversed. Blackburn, C. J., and Miller, J., concur.*

DECIDED AUGUST 23, 2002.

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellant.

*Clark & Towne, Richard T. Ryczek, Jr., Wystan B. Getz*, for appellee.

---

[7] OCGA § 15-18-66 (b) (10).

[8] See *Buice v. State*, 272 Ga. 323, 324-326 (528 SE2d 788) (2000); *State v. Davis*, 196 Ga. App. 785, 786 (397 SE2d 58) (1990).

[9] (Emphasis supplied.) OCGA § 40-6-376 (b).