A02A1460. THE STATE v. SERIO.
(571 SE2d 168)

PHIPPS, Judge.

The State appeals an order of the State Court of Gwinnett County granting Sarah Jane Serio's motion to transfer her DUI case to the Recorder's Court of Gwinnett County. The State argues that the transfer order is invalid because, among other things, Serio's motion was untimely and the state court lacked authority to transfer the case. We agree and reverse.

On July 26, 2001, Serio was arrested in Gwinnett County and cited for DUI and failure to maintain lane. The citations ordered her to answer the charges in the Recorder's Court of Gwinnett County. At her arraignment on October 9, Serio waived her right to a jury trial. On October 11, the Gwinnett County Solicitor-General filed an accusation in the State Court of Gwinnett County charging Serio with DUI and failure to maintain lane. On October 12, the solicitor-general moved for an order of nolle prosequi on the charges pending in the recorder's court, and that court granted the motion the same day.

Arraignment in the state court was scheduled for November 29, but on November 19 Serio filed a waiver of formal arraignment. On December 10, she filed a motion to remand or transfer the case back to the recorder's court. The state court granted the motion, finding as follows:

> The Recorder's Court has the jurisdiction and the capability to provide this Defendant with her requested bench trial. Defendant Serio never filed a demand for jury. OCGA § 40-6-376 (a) provides that the [prosecutor] may "charge" a defendant with either a violation of the state statute or of the

local ordinance. However, the State may not prosecute a defendant in both the Recorder's Court and the State Court at the same time. The accusation in the within case was improper while the Recorder's Court of Gwinnett County maintained jurisdiction over this Defendant and the charges which form the basis for this accusation. In addition, the intent of OCGA § 40-6-376 (a) is to allow the State to prosecute traffic charges in the lowest court appropriate where it is more cost effective to the citizens of this County and State. It is not for the purpose of allowing the State to "judge shop."

The State then appealed.

1. Serio has moved to dismiss the appeal for lack of jurisdiction. The State contends that jurisdiction is proper under OCGA § 5-7-1 (a) (1), which grants the State the right to appeal in a criminal case "[f]rom an order, decision, or judgment setting aside or dismissing any indictment, accusation, . . . or any count thereof." According to the State, the state court's order transferring the case to recorder's court effectively set aside or dismissed the state court accusation against Serio and precluded her prosecution there. Serio argues that the order did not end Serio's prosecution, but merely transferred it to a different court.

We agree with the State. Although the state court's order, as written, simply transferred the case to recorder's court, we examine the substantive effect of the order, not the label it uses. The substantive effect of the transfer was to terminate the prosecution of Serio in state court. The *charges* against her remain pending in recorder's court, but the state court *accusation* has been set aside or dismissed. Thus, this appeal is proper under OCGA § 5-7-1 (a) (1), and we deny the motion to dismiss.[1]

Serio's reliance on *State v. Creel*[2] is misplaced. In *Creel*, the State appealed from a trial court order placing a criminal case on the dead docket. We held that OCGA § 5-7-1 (a) (1) did not supply jurisdiction because dead docketing does not preclude future prosecution of a case in the same court.[3] The order in this case, by contrast, *does* preclude prosecution of Serio in state court.

2. The State claims that the state court's order transferring the case to recorder's court was improper for a number of reasons. We address two of the State's arguments.

---

[1] In light of our decision, we need not address whether the appeal also would be proper, as the State claims, under OCGA § 5-7-1 (a) (5).

[2] 216 Ga. App. 394 (454 SE2d 804) (1995).

[3] Id. at 395.

(a) First, the State contends that Serio's motion to remand or transfer was untimely because it was not filed at or before arraignment. Uniform Superior Court Rule[4] 31.1 provides that "[a]ll motions, demurrers, and special pleas shall be made and filed at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial." Serio's state court arraignment was scheduled for November 29, but she did not file the motion to remand or transfer until December 10. She did not seek an extension of time from the state court for filing pre-trial motions, and no written extension appears in the record. "USCR 31.1 does not allow exceptions; its flexibility is provided by when and how an extension of time for filing may be granted. [Cit.]"[5] When faced with an untimely pre-trial motion, the court may dismiss the motion or entertain a request by the defendant to enter a written order accepting the late filing.[6] By doing neither, the court abused its discretion.[7]

Serio claims that the State waived its right to challenge the timeliness of her motion by not raising the issue in the state court. Although the State did not raise the issue before the court granted Serio's motion on January 7, 2002, the State did file a "Motion for Speedy Reconsideration" arguing, among other things, that Serio's motion was untimely. Moreover, in *Davis v. State*,[8] our Supreme Court ruled that a late-filed special demurrer was properly denied under USCR 31.1, even though the trial court's ruling was not based on USCR 31.1 and the opinion does not indicate that the State ever raised the issue. For these reasons, we cannot agree that the State waived its challenge to the timeliness of Serio's motion.

Serio also argues that the only motions to which USCR 31.1 applies are motions to suppress. Again, we cannot agree. By its terms, the rule applies to "[a]ll motions." Moreover, we have affirmed denial of pre-trial motions, other than motions to suppress, that were not timely filed under USCR 31.1.[9] Although Serio protests that a strict construction of USCR 31.1 might "preclude all litigants from filing motions seeking a particular action to be taken by the court as a particular need arises," she cannot claim that she was unaware before arraignment of the circumstances that prompted her motion

---

[4] The Uniform Rules for superior courts are applicable in state courts unless specifically stated otherwise by the Uniform State Court Rules. See *Woody v. State*, 229 Ga. App. 823, 825 (2) (494 SE2d 685) (1997).

[5] *Davis v. State*, 272 Ga. 818, 819 (1) (537 SE2d 327) (2000).

[6] *State v. Grandison*, 192 Ga. App. 473, 474 (385 SE2d 139) (1989).

[7] See id.

[8] Supra.

[9] See *Mills v. State*, 187 Ga. App. 79, 80 (2) (369 SE2d 283) (1988) (affirming denial of motion for funds to retain medical expert because it was not filed at or before arraignment); *Lewis v. State*, 186 Ga. App. 349, 351 (2) (367 SE2d 123) (1988) (trial court did not err in refusing to consider motion to quash indictment that did not comply with USCR 31.1).

to remand or transfer. The State served Serio with notice of the nolle prosequi and state court accusation on October 12, more than six weeks before her state court arraignment date. Thus, Serio had ample time to comply with USCR 31.1.

Next, Serio argues that it would be unfair to hold that her motion was untimely under USCR 31.1 because the State's motion for an order of nolle prosequi in the recorder's court was not filed until three days after her scheduled arraignment in that court. If her motion is untimely, Serio reasons, then so was the State's. However, the timeliness of an entry of nolle prosequi is governed by OCGA § 17-8-3, not by USCR 31.1. As the State complied with that statute,[10] its motion for entry of nolle prosequi was timely.

Finally, Serio asserts that it is common practice in the State Court of Gwinnett County to allow defendants to file pre-trial motions up to ten days after arraignment, and that her motion was filed within that extended period. But Serio has submitted no evidence that such a practice exists[11] or that it was promulgated in accordance with USCR 1.2, which limits the enactment of local rules that conflict with the Uniform State Court Rules.

Thus, we find that Serio's motion to remand or transfer was untimely filed and that the state court erred in considering it.

(b) The State also argues that, even if Serio's motion was timely, the state court had no authority to grant it. The State contends that it had discretion to discontinue Serio's prosecution in recorder's court and accuse her in state court. Serio, on the other hand, argues that she has the right to select the forum in which she is prosecuted and that the State is guilty of unethical forum shopping.

The Recorder's Court of Gwinnett County was created by a 1972 act of the General Assembly.[12] That act gave the court jurisdiction to hear cases involving state misdemeanor traffic offenses and violations of Gwinnett County ordinances.[13] Because the recorder's court does not impanel juries, its jurisdiction over state misdemeanor traffic offenses is limited to cases in which — as here — the defendant waives the right to a jury trial.[14] If the defendant demands a jury trial, "[t]he case is then forwarded to the solicitor's office for docket-

---

[10] See discussion in Division 2 (b), infra.

[11] We cannot accept Serio's factual assertions as evidence. See *State v. Ganong*, 221 Ga. App. 250 (470 SE2d 794) (1996).

[12] See Ga. L. 1972, p. 3125.

[13] Ga. L. 1972, p. 3126; *Wojcik v. State*, 260 Ga. 260 (392 SE2d 525) (1990) (holding that recorder's court's exercise of jurisdiction over state misdemeanor traffic offenses is constitutional).

[14] See *Ellsworth v. State*, 232 Ga. App. 164 (500 SE2d 642) (1998).

ing in [the] state court,"[15] which also has jurisdiction to hear cases involving misdemeanor state traffic offenses.[16]

Under OCGA § 40-6-376 (a), any violation of state traffic law which also is a violation of a local ordinance may, at the prosecutor's discretion, be charged as a violation of either the state statute or the local ordinance.[17] Under OCGA § 40-6-376 (b), if an offense is charged under a local ordinance, but also constitutes a violation of state law, the defendant may request a transfer of the charge from a lower court to "the appropriate state tribunal." If the defendant makes such a request, a city or recorder's court judge shall "bind [the defendant's] case over to the appropriate state tribunal," after fixing bond and determining whether there was probable cause for arrest.[18]

Serio's alleged offenses were cited as violations of state laws, not local ordinances. Thus, OCGA § 40-6-376 (b), which applies only when an offense is charged as a local ordinance violation, does not apply here. Serio cannot rely on that Code section for her asserted right to choose the forum in which she is prosecuted.

Because Serio waived her right to a jury trial, jurisdiction was proper in either the recorder's court or the state court. We find no authority prohibiting the prosecutor from shifting Serio's prosecution to state court, where the charges unquestionably could have been brought in the first place. On the contrary, this practice apparently was approved in *Mattarochia v. State*.[19] There, the State initially brought DUI charges against the defendant in city court under a local ordinance, but the charges were later bound over to state court and pursued as state law violations, presumably at the solicitor's request. The defendant opposed the transfer, but this court held that it was proper because "[t]he solicitor's decision to charge [the defendant] with state violations was duly authorized by OCGA § 40-6-376 (a)."[20]

In this case, the prosecutor was entitled, with the permission of the recorder's court, to enter a nolle prosequi of the charges pending there against Serio.[21] The nolle prosequi rendered those charges dead,[22] but it did not prevent the prosecutor from reaccusing Serio for

---

[15] Id.

[16] See OCGA § 15-7-4 (a) (1); *Diamond v. State*, 151 Ga. App. 690, 691 (261 SE2d 434) (1979).

[17] OCGA § 40-6-376 (a) specifically excepts hit and run and vehicular homicide, which must be charged as state offenses.

[18] OCGA § 40-6-376 (b).

[19] 200 Ga. App. 681, 682 (1) (409 SE2d 546) (1991).

[20] Id. We note, however, that whether the solicitor charged the violations under a local ordinance or under state law does not resolve the issue of whether the solicitor was entitled to shift the forum for prosecuting those charges.

[21] See OCGA § 17-8-3; *Buice v. State*, 239 Ga. App. 52, 53 (1) (520 SE2d 258) (1999).

[22] See *State v. Sheahan*, 217 Ga. App. 26, 28 (2) (456 SE2d 615) (1995).

the same offenses.[23] And, contrary to the finding of the state court, the fact that charges against Serio were pending in both recorder's court and state court for one day does not render the State's conduct "improper."[24]

Serio cites *Kolker v. State*[25] for the proposition that a municipal court has exclusive jurisdiction when a defendant who is charged in that court with a state offense waives the right to a jury trial. But *Kolker* merely holds that jurisdiction is *proper* in the municipal court under such circumstances, not that it is *exclusive. Kolker* does not address the situation presented here — where the prosecutor, having elected to initiate charges in one court that has jurisdiction, later drops those charges and pursues them in a different court that also has jurisdiction.

Serio also cites *In the Interest of J. D.*[26] for the proposition that "[w]here courts have concurrent jurisdiction, the first court to take jurisdiction will retain it."[27] That case, however, goes on to state that exclusive jurisdiction is subject to the right of either court to transfer the case to the other.[28] We find that such jurisdiction also is subject to the statutory right of the prosecutor to pursue the charges in either court.[29]

Serio argues that permitting the prosecutor to exercise such authority will invite abuse. But no abuse has been shown here. Serio complains that the State's actions have unreasonably delayed the resolution of her case, but the record shows that the prosecutor filed the accusation in state court just two days after her arraignment in recorder's court. Serio also complains that the prosecutor engaged in unethical forum and judge shopping, but OCGA § 40-6-376 (a) expressly grants the prosecutor the discretion to select the forum. And despite Serio's claims, nothing in the record suggests that the prosecutor selected, or had the ability to select, which judge would hear her case in state court. In short, we conclude that the prosecutor did not act abusively or improperly in this case.

Because the state court had no basis for transferring this case back to recorder's court, we reverse.[30]

---

[23] See *Buice*, supra.
[24] See *State v. Cooperman*, 147 Ga. App. 556, 557 (1) (249 SE2d 358) (1978).
[25] 260 Ga. 240 (391 SE2d 391) (1990).
[26] 195 Ga. App. 801 (395 SE2d 280) (1990).
[27] (Citations and punctuation omitted.) Id. at 801 (1).
[28] See id.
[29] See OCGA § 40-6-376 (a).
[30] See *Moody v. State*, 256 Ga. App. 65 (567 SE2d 709) (2002) (state court did not have authority to transfer DUI case back to municipal court after it had been bound over to state court).

3. Serio's motion to supplement the record and for sanctions against the prosecutor is denied.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 27, 2002 —
RECONSIDERATION DENIED SEPTEMBER 13, 2002 —

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Jonathan D. Aurelia, Assistant Solicitors-General*, for appellant.
*Monte K. Davis*, for appellee.