## A02A1049. THE STATE v. WEST.
### (574 SE2d 365)

SMITH, Presiding Judge.

The State appeals from the trial court's order dismissing a state court accusation charging Clay Douglas West with DUI. The trial court reasoned that transfer of the case from the Municipal Court of Suwanee to the state court was not authorized by OCGA § 40-6-376 (a), granted West's motion to dismiss, and transferred the case back to municipal court. This court has recently concluded that OCGA § 40-6-376 (a) authorizes transfer to state court under the circumstances presented here. See *State v. Serio*, 257 Ga. App. 369 (571 SE2d 168) (2002); *State v. Johnson*, 257 Ga. App. 162 (570 SE2d 627) (2002). We therefore reverse.

On October 15, 1999, West was arrested by a City of Suwanee police officer and charged with DUI. The case was called for trial in the Municipal Court of Suwanee in April 2000, and defense counsel appeared with West and an out-of-state witness and announced ready for trial. The assistant solicitor for the City of Suwanee also appeared, stating that the city elected to treat the charge as a state offense and requesting that the case be transferred to the State Court of Gwinnett County. Defense counsel objected, arguing that although the prosecutor was authorized to decide whether to treat an offense as a state statute or local ordinance violation, only the defendant was authorized to "request a transfer to the appropriate state tribunal." Counsel further argued that she was not told until the morning of trial in municipal court that the city was going to attempt to transfer the case to state court and that West wanted "a trial in City Court. He doesn't want a jury trial; and while we understand we don't have to have a jury trial in State Court either, we want the case heard in the Municipal Court of Suwanee. We have a right to. We are not asking that it be transferred to a State tribunal."

Over this objection, the municipal court granted the State's request and transferred the case to state court. In its May 24, 2000 written order, the municipal court stated that the municipal court solicitor "has the authority to request transfer of the charge to the State Court of Gwinnett County, pursuant to OCGA §§ 40-6-376 and 40-13-29, by charging the Defendant with a violation of the state statute of OCGA § 40-6-391." The municipal court ordered the charge bound over to the State Court of Gwinnett County for prosecution unless West appealed the order by May 25, 2000.

An accusation charging West with violation of OCGA § 40-6-391 (a) (1) and (5) was then filed in state court. By way of a general demurrer and later through a motion to dismiss/plea in bar, West argued that the state court did not have jurisdiction to try the case. The State filed a "Motion for Nolle Prosequi" in municipal court arguing among other things that the case involved "duplicate charges to those involved in" the accusation pending in state court. Following a hearing, the trial court granted West's motion, finding as follows:

> The Court finds that the order of May 24th, 2000, that was issued by the Municipal Court of Suwanee and that transferred Defendant's charges to the State Court of Gwinnett County is void. The transfer was not authorized by OCGA § 40-6-376 (a), because that code section only discusses allowing the prosecutor to *charge* a local ordinance as a violation of a state statute. OCGA § 40-6-376 (b) allows a transfer to a state tribunal of an offense charged under a local ordinance, but authorizes the *defendant* to request the transfer *after* a commitment hearing or a waiver of a commitment hearing.

With respect to the Motion for Nolle Prosequi filed in municipal court, the state court's order recited that

> [t]he nolle pros motion arose one year and four months after the prosecution's transfer of this case and was filed by the prosecutor just six days before this Court's scheduled hearing on the motion to transfer. Clearly, this nolle pros was an attempt by the State to pre-empt the Court's ruling on the propriety of the transfer of the original case. Whether the nolle pros should be vacated as improper or invalid will be a matter for Suwanee Municipal Court.

The trial court erred in concluding that the State was not authorized to seek transfer from municipal to state court. With the exception of violations of OCGA §§ 40-6-270 and 40-6-393, under OCGA § 40-6-376 (a), an offense constituting a violation of that chapter and violation of a local ordinance "may, at the discretion of the local law enforcement officer or prosecutor, be charged as a violation of the state statute or of the local ordinance." Like the defendant in *Johnson*, supra, West "concedes that the solicitor-general in this case was authorized to elect to charge him with violating the state statute." *Johnson*, supra at 163. West argues, however, that the solicitor is *not* authorized to effect the transfer of a case from a city court to state court, but instead, that only a defendant can "elect to transfer a municipal court case to state court." This contention, however, was

decided adversely to West in *Johnson*, supra, and *Serio*, supra. In *Serio*, we stated that "OCGA § 40-6-376 (a) expressly grants the prosecutor the discretion to select the forum," id. at 374, and nothing in the record suggests that the state court solicitor-general in this case "selected, or had the ability to select, which judge would hear [West's] case in state court." Id.

We note West's argument that OCGA § 40-6-376 (b) "grants a right only to the Defendant to have the case bound over to the state court." But this subsection "applies only when an offense is charged as a local ordinance violation." *Serio*, supra at 373. See also *Johnson*, supra at 163. And here, like the defendants in *Serio* and *Johnson*, West was charged with violation of state law. "Further, the fact that this subsection states that 'the *defendant* may request transfer' to state court does nothing to prohibit the solicitor from *also* requesting a transfer." (Footnote omitted.) *Johnson*, supra at 164.

As for the trial court's comment concerning the possible impropriety of the nolle prosequi entered by the municipal court, this procedure was permissible. See *Serio*, supra at 373-374. "The nolle prosequi rendered those charges dead, but it did not prevent the prosecutor from reaccusing [West] for the same offenses." (Footnotes omitted.) Id. The prosecutor was authorized to bring the charges in state court, and the trial court erred in finding otherwise and in transferring the case back to municipal court. Given this conclusion, we need not rule on the State's remaining contentions.

*Judgment reversed. Eldridge and Ellington, JJ., concur.*

DECIDED NOVEMBER 6, 2002 ▮

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellant.

*Clark & Towne, Jessica R. Towne, Wystan B. Getz*, for appellee.